```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**DANIEL LEE HALL,**

    Movant

v.                                    CIVIL ACTION NO. 3:12-1039
                                        (Criminal No. 3:09-00187)

**UNITED STATES OF AMERICA,**

    Respondent

## MEMORANDUM OPINION AND ORDER

This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to the court of her Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636.

On August 19, 2009, the grand jury returned a four-count indictment against movant. Counts One, Two and Three charge separate violations of 18 U.S.C. § 876(c) (mailing threatening communications). Count Four charges a violation of 18 U.S.C. § 1512(b)(3) (witness tampering). On May 21, 2010, movant pled guilty to Count One. On September 14, 2010, the Judgment was entered sentencing movant to, <u>inter alia</u>, a thirty-six month term of imprisonment running consecutively to an undischarged state custodial sentence. On September 29, 2010, movant noticed an appeal, which was dismissed based upon the appeal waiver provision found in movant's plea agreement.

On April 10, 2012, the movant filed the instant section 2255 motion.  On March 15, 2013, the magistrate judge filed her PF&R recommending that the court deny the section 2255 motion.  On April 2, 2013, the court received movant's objections.

The magistrate judge's comprehensive PF&R recommends that the court dismiss as meritless (1) a claim that movant was incompetent to enter his guilty plea, (2) a claim that movant's lawyer rendered ineffective assistance of counsel, (3) certain collateral claims discussed at pages 29 to 33, and (4) movant's claim that he is actually innocent of the crime charged in Count One.

The primary basis for movant's objections is that the magistrate judge should not have sought out or relied upon a mental competency evaluation performed at the defense's request during the proceedings coming prior to the guilty plea.  The magistrate judge ordered the Federal Public Defender to produce the evaluation in order "[t]o facilitate resolution of the claims relating to Movant's alleged incompetence."  (Ord. at 1).  The magistrate judge did so only after movant's former counsel mentioned the mental competency evaluation in his September 11, 2012, affidavit confronting the movant's ineffective assistance of counsel claim.  (See Sealed ECF # 79 ¶ 2 ("On behalf of the

Office of the Federal Public Defender, Stephen F. Dreyer, Ph.D., conducted a forensic mental health examination of Mr. Hall in March 2010. Dr. Dreyer concluded that Mr. Hall was competent."); see also U.S. Resp. at 15 ("[D]efendant's counsel arranged for defendant to have a forensic mental health examination. The doctor who performed the examination concluded that defendant was competent.")).  The court discerns no error in the magistrate judge following up on the matter after counsel filed his affidavit mentioning Dr. Dreyer's report.  The failure to do so would have practically elevated counsel's averment on the matter to the point of being conclusive, without actually reviewing the document upon which the averment was based. Moreover, the report was produced as ordered on March 6, 2013, without objection.  The court thus treats the objection as meritless.  The same is true of the remaining objections, which are not responsive to the careful analysis found in the PF&R.

     Based upon a de novo review, and having found the objections meritless, the court adopts and incorporates herein the magistrate judge's PF&R.  The court, accordingly, ORDERS that this action be, and it hereby is, dismissed.

The Clerk is directed to forward copies of this written opinion and order to the movant, all counsel of record, and the United States Magistrate Judge.

DATED: May 31, 2013

John T. Copenhaver, Jr.
United States District Judge